# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LESTER WARREN CARTER, JR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-11-693 |
| BEVERLY J. WOODARD | * | |
| Defendant | * | |

***

## MEMORANDUM

The above-captioned civil rights complaint was filed on March 15, 2011, together with a motion to proceed in forma pauperis. ECF No. 2. Because he appears indigent, plaintiff's motion shall be granted.

Plaintiff is seeking monetary damages from the former Assistant State's Attorney who handled the prosecution of criminal rape charges against him in the Circuit Court for Prince Georges County. ECF No. 1. Plaintiff's specific claims relate to the manner in which defendant Beverly Woodard questioned witnesses, characterized evidence and otherwise conducted the trial. Plaintiff states he attempted to file this civil suit in the Circuit Court for Prince Georges County, but it was dismissed as frivolous. *Id.*

Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Absolute immunity is designed to protect judicial process, thus the inquiry is whether prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 494 (1991). The decision as to "whether and when to prosecute" is "quasi-judicial;" therefore, defendant in the instant case enjoys absolute immunity from the claims asserted by plaintiff. *See Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996).

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The complaint must be dismissed under this standard.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been deemed as frivolous. For the reasons stated, it will be dismissed by separate order.


March 23, 2011                                                                   /s/
Date                                                                                Catherine C. Blake
                                                                                     United States District Judge